UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------X
:
HD YORSTON, on Behalf of Himself and                            :
All Others Similarly Situated,                                  :
                                                                :
                                                                :   Civ. No. 05 CV 10166 (PBS)
                           Plaintiff,                           :
                                                                :
                                                                :
             vs.                                                :
                                                                :
                                                                :
EPIX PHARMACEUTICALS, INC., MICHAEL                             :
D. WEBB, PEYTON J. MARSHALL, and                                :
ANDREW UPRICHARD,                                               :
                                                                :
                           Defendants.                          :
                                                                :
---------------------------------------------------------------X
[Additional Captions Set Forth Below]


**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE
TOLWIN GROUP FOR CONSOLIDATION OF RELATED CASES,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL
OF SELECTION OF CO-LEAD COUNSEL**

```
------------------------------------------------------------------X
                                                                  :
ROBERT GREENE, Individually and on Behalf of                      :
All Others Similarly Situated,                                    :
                                                                  :
                              Plaintiff,                          :   Civ. No. 05 CV 10194 (WGY)
                                                                  :
            vs.                                                   :_____
                                                                  :
EPIX PHARMACEUTICALS, INC., Formerly                              :
Known as EPIX Medical, Inc., MICHAEL D. WEBB                      :
PEYTON J. MARSHALL, and ANDREW                                    :
UPRICHARD,                                                        :
                                                                  :
                              Defendants.                         :
------------------------------------------------------------------X
                                                                  :
JOHN C. JOHNSON JR. DEFINED BENEFIT                               :
PENSION PLAN, Individually and on Behalf of                       :
All Others Similarly Situated,                                    :
                                                                  :
                              Plaintiff,                          :   Civ. No. 05 CV 10272 (GAO)
                                                                  :
            vs.                                                   :
                                                                  :
EPIX PHARMACEUTICALS, INC., Formerly                              :
Known as EPIX Medical, Inc., MICHAEL D. WEBB                      :
PEYTON J. MARSHALL, and ANDREW                                    :
UPRICHARD,                                                        :
                                                                  :
                              Defendants.                         :
------------------------------------------------------------------X
```

```
-----------------------------------------------------------------X
                                                                 :
                                                                 :
DORAVILLE MANAGEMENT II CORP. by                                 :
Donalz Ramirez, President, on Behalf of Himself and              :
All Others Similarly Situated,                                   :
                                                                 :
                                      Plaintiff,                 :   Civ. No. 05 CV 10288 (PBS)
                                                                 :
            vs.                                                  :
                                                                 :
EPIX PHARMACEUTICALS, INC., MICHAEL                              :
D. WEBB, PEYTON J. MARSHALL, and                                 :
ANDREW UPRICHARD,                                                :
                                                                 :
                                      Defendants.                :
-----------------------------------------------------------------X
                                                                 :
STANLEY A. KIM, on Behalf of Himself and                         :
All Others Similarly Situated,                                   :
                                                                 :
                                      Plaintiff,                 :   Civ. No. 05 CV 10315 (PBS)
                                                                 :
            vs.                                                  :
                                                                 :
EPIX PHARMACEUTICALS, INC., MICHAEL                              :
D. WEBB, PEYTON J. MARSHALL, and                                 :
ANDREW UPRICHARD,                                                :
                                                                 :
                                      Defendants.                :
-----------------------------------------------------------------X
```

```
------------------------------------------------------------X
                                                            :
YALE TOLWIN, on Behalf of Himself and                       :
All Others Similarly Situated,                              :
                                                            :
                            Plaintiff,                      :   Civ. No. 05 CV 10388 (PBS)
                                                            :
            vs.                                             :
                                                            :
EPIX PHARMACEUTICALS, INC., MICHAEL                         :
D. WEBB, PEYTON J. MARSHALL, and                            :
ANDREW UPRICHARD,                                           :
                                                            :
                            Defendants.                     :
------------------------------------------------------------X
                                                            :
SANDRA V. BIESTERFELDT, JOHN W.                             :
BIESTERFELDT, CHRISTINE M. PIPER,                           :
DOUGLAS S. PIPER, WALTER J. SWINDELL,                       :   Civ. No. 05 CV 10559 (PBS)
MARY M. WEBER, and SCOTT WEBER, on                          :
Behalf of Themselves and All Persons Similarly              :
Situated                                                    :
                                                            :
                            Plaintiff,                      :
                                                            :
            vs.                                             :
                                                            :
EPIX PHARMACEUTICALS, INC., MICHAEL                         :
D. WEBB, PEYTON J. MARSHALL, and                            :
ANDREW UPRICHARD,                                           :
                                                            :
                            Defendants.                     :
------------------------------------------------------------X
```

**I.    INTRODUCTION**

Presently pending in this district are at least 7 related securities fraud class actions (the "Related Actions") brought against EPIX Pharmaceuticals, Inc. ("EPIX" or the "Company"), Michael D. Webb ("Webb"), Peyton J. Marshall ("Marshall") and Andrew Uprichard ("Uprichard") (collectively referred to as "Defendants").

Yale Tolwin, Walter J. Swindell, Douglas S. and Catherine M. Piper, Peter Kersloot, Rod Rogers, James E. Kohl, and Mary M. and Scott Weber (the "Tolwin Group" or "Movants") collectively purchased 4,150 shares of EPIX securities between July 10, 2003 and January 14, 2005, inclusive (the "Class Period") and suffered combined estimated losses[1] of $39,088.01 as a result of their transactions in EPIX securities during the Proposed Class Period.  The Tolwin Group respectfully submits this Memorandum of Law in support of their motion for: (i) consolidation of all related actions for all purposes, pursuant to Rule 42 of the Federal Rules of Civil Procedure ("F.R.C.P."); (ii) appointment as Lead Plaintiff on behalf of purchasers of EPIX securities; and (iii) approval of Movants' selection of Co-Lead Counsel.[2]

---

[1]    The losses suffered by the Movants are not the same as their legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation.  The approximate losses can, however, be determined from the certifications required under Section 21D(a)(2)(A)(i)-(iv) of the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and based upon information concerning the current market for the Company's securities.  See Affidavit of Aaron Brody, dated March 28, 2005, at Exhibit C ("Brody Aff.").

[2]    In the event the Court is inclined to appoint any individual investors as lead plaintiff, each of the movants affirm that they are willing to serve as lead plaintiff individually, or as a group.

1

**II.   PROCEDURAL BACKGROUND**

On or about January 27, 2005, the plaintiff in the Yorston action[3] filed a complaint on behalf of a class consisting of all persons who purchased EPIX securities during the Class Period (the "Class").  Pursuant to 15 U.S.C. § 78u-4(a) (3) (A) (i), on January 27, 2005, plaintiff in the Yorston action published notice over Business Wire, advising members of the Class of their right to move the Court to serve as lead plaintiff(s) no later than 60 days from the date of publication of the Notice, i.e., by March 28, 2005.  See Brody Aff., Ex. A.  Movants timely file this motion within the 60-day period following publication of the January 27, 2005 notice.

**III.   SUMMARY OF THE PENDING ACTIONS**

EPIX develops pharmaceuticals for imaging used in the diagnosis, treatment and monitoring of disease. [4]  ¶2.  The Company uses its proprietary Target Visualization Technology(TM) to create imaging pharmaceuticals targeted at the molecular level, enabling physicians to use magnetic resonance imaging  ("MRI") to obtain detailed information about specific disease processes.  ¶2.

EPIX's principal product in development, MS-325, is designed to provide visual imaging of the vascular system through a type of MRI known as Magnetic Resonance Angiography ("MRA").  ¶3.  MS-325 is being co-developed by EPIX and Schering AG, Germany, the Company's worldwide sales, marketing and development partner.  ¶3.

Following clinical trials of MS-325, the Company submitted a New Drug Application for

---

[3]   Yorston v. EPIX Pharmaceuticals, Inc., et al., Civ. No. 05 CV 10166 (PBS).

[4]   References taking the form "¶__" refer to the complaint filed in Biesterfeldt v. EPIX Pharmaceuticals, 05 CV 10559 (PBS).

MS-325 to the FDA in December 2003. ¶5. However, on or before July 2003, Defendants became aware of, but concealed, material problems with the Phase III trials of MS-325, specifically, that the quality of the underlying clinical data was poor and the statistical analysis of that data was flawed, resulting in varying and questionable statistical treatment, rendering FDA approval unlikely. ¶6. Defendants failed to disclose that non-contrast MRA comparator scans used in the Phase III trials varied significantly, and that the Phase III trials generated a large number of uninterpretable images, both of which compromised the efficacy of MS-325. ¶6. Thus, Defendants were aware that in order to obtain FDA approval, at a minimum, EPIX would have to conduct additional clinical studies. ¶6.

Despite their awareness that the clinical trial data submitted by the Company in support of the New Drug Application for MS-325 was insufficient for FDA approval, Defendants made materially false and misleading statements throughout the Class Period touting the sufficiency of its clinical trial data and concealing those adverse facts in order to maintain and inflate the price of EPIX stock. ¶7. For example, an EPIX press released issued on July 10, 2003 stated that "[a]fter recent consultation with the FDA, we continue to believe that our MRA studies in these widely varying vascular areas will support a broad indication for MRA using MS-325." ¶7.

On January 14, 2005, EPIX received an "approvable" letter from the FDA for MS-325. ¶8. However, the Company also disclosed that the FDA requested additional clinical studies to demonstrate the efficacy of the drug before FDA approval could be granted. ¶8. In response to the Company's January 14, 2005 disclosures, the price of EPIX stock plummeted more than 27% to close at $10.67 on extraordinary volume of 11 million shares. ¶8. Movants and members of the Class purchased EPIX securities during the Class Period at prices artificially inflated by

3

Defendants' misrepresentations and were damaged thereby. ¶8.

## IV.   ARGUMENT

### A.   The Actions Should Be Consolidated

The above-captioned actions involve class action claims on behalf of the purchasers of EPIX securities during the Class Period and assert essentially similar and overlapping Class claims for relief brought on behalf of purchasers of EPIX securities. Consolidation is appropriate where, as here, there are actions involving common questions of law or fact. See Fed. R. Civ. P. 42 (a); Forsythe v. Sun Life Fin. Inc., No. 04-10584-GAO, 2005 U.S. Dist. LEXIS 517, at *7 (D. Mass. 2005). That test is met here and the Actions should be consolidated.

### B.   The Tolwin Group Should Be Appointed Lead Plaintiff

#### 1.   The Procedure Required By The PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each action arising under the [Securities Exchange Act of 1934] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4 (a) (3) (A) (i). Plaintiff in the Yorston action caused notice to be published in Business Wire on January 27, 2005. See Brody Aff., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4 (a) (3) (A) and (B).

Second, the PSLRA provides that within 90 days after publication of the notice the Court shall consider any motion made by a Class member and shall appoint as lead plaintiff the member or members of the Class that the Court determines to be most capable of adequately representing the interests of class members.  15 U.S.C. § 78u-4 (a) (3) (B).  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that - -
>
> (aa)     has either filed the complaint or made a motion in response to a notice . . .
>
> (bb)     in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)     otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4 (a) (3) (B) (iii).  See generally Greebel v. FTP Software, 939 F. Supp. 57, 64 (D. Mass. 1996).

### 2. The Tolwin Group Satisfies The Lead Plaintiff Requirements of the PSLRA

The time period in which Class members may move to be appointed lead plaintiff under 15 U.S.C. § 78u-4 (a) (3) (A) and (B) expires on March 28, 2005.  Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on January 27, 2005), the Tolwin Group herein timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the Class.

The Tolwin Group has duly signed and filed certifications stating that they have reviewed the complaint filed in the action and are willing to serve as representative parties on behalf of the

Class.  See Brody Aff., Ex. B.  In addition, Movants have selected and retained experienced and competent counsel to represent them and the Class.  See Brody Aff., Exs. D-F.

Accordingly, Movants have satisfied the individual requirements of 15 U.S.C. § 78u-4 (a) (3) (B) and are entitled to have their application for appointment as Lead Plaintiff and their selection of Co-Lead Counsel, as set forth herein, approved by the Court.

### 3. The Tolwin Group Has The Largest Financial Interest In The Relief Sought By The Class

According to 15 U.S.C. § 21(a) (3) (B) (iii), the court shall appoint as lead plaintiff the class member or members who represent the largest financial interest in the relief sought by the action.

During the Class Period, as evidenced by, among other things, the accompanying signed certifications, Movants collectively purchased 4,150 shares of the Company's securities during the Class Period and suffered combined estimated losses of $39,088.01 as a result of Defendants' misconduct.  See Brody Aff., Ex. C.  In the aggregate, Movants herein have a significant financial interest in this case.

Movants herein have not received notice of any other applicant or applicant group that has sustained greater financial losses in connection with the purchase and/or sale of the Company's securities.  Therefore, Movants satisfy all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4 (a) (3) (B).

### 4. The Tolwin Group Otherwise Satisfies Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative.  Consequently, in deciding a motion for appointment of lead plaintiffs, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification.  In re Lernout & Hauspie Sec. Litig., 138 F. Supp. 2d 39, 46 (D. Mass. 2001).

The Tolwin Group satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying appointment as lead plaintiff.  Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the Class.  Typicality exists if plaintiffs' claims arise from the "same events or course of conduct" and involve the same legal theory as do the claims of the rest of the class.  In re Bank of Boston Corp. Sec. Litig., 762 F. Supp. 1525, 1532 (D. Mass. 1991).  However, the claims of the class representative need not be identical to the claims of the class to satisfy typicality.  Guckenberger v. Boston Univ., 957 F. Supp. 306, 325 (D. Mass. 1997).

The Tolwin Group seeks to represent a Class of purchasers of the Company's securities who have identical, non-competing and non-conflicting interests. Movants satisfy the typicality requirement, because they: (i) purchased the Company's securities; (ii) at market prices allegedly artificially inflated as a result of Defendants' violations of the federal securities laws; and (iii) suffered damages thereby. Thus, typicality is satisfied since the claims asserted by the Tolwin Group arise from the same event or course of conduct that gives rise to claims of other Class members and the claims are based on the same legal theory. In re Lernout & Hauspie Sec. Litig., 138 F. Supp. at 46.

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." "To meet the adequacy requirement, plaintiffs must demonstrate that they have common interests and an absence of conflict with the class members and that the plaintiffs' attorneys are qualified, experienced and vigorously able to conduct the litigation." In re Lernout & Hauspie Sec. Litig., 138 F. Supp. at 46.

Here, Movants are adequate representatives of the Class. As evidenced by the injury suffered by Movants, who purchased the Company's securities at prices allegedly artificially inflated by Defendants' violations of the federal securities laws, the interests of Movants are clearly aligned with the members of the Class, and there is no evidence of any antagonism between Movants' interests and those of the other members of the Class. In addition, as shown below, Movants' proposed Co-Lead Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Movants prima facie satisfy the commonality, typicality and adequacy requirements of Rule 23.

**C.     The Court Should Approve Movants' Choice of Co-Lead Counsel**

Pursuant to 15 U.S.C. § 78u-4 (a) (3) (B) (v), a proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class they seek to represent. In that regard, Movants have selected Stull, Stull & Brody and Weiss & Lurie to serve as Co-Lead Counsel and Gilman & Pastor, LLP to serve as Liaison Counsel. Stull, Stull & Brody, Weiss & Lurie, and Gilman & Pastor, LLP have extensive experience in successfully prosecuting shareholder and securities class actions and have frequently appeared in major actions in this and other courts. See Brody Aff., Exs. D-F.

**V.     CONCLUSION**

For all the foregoing reasons, Movants respectfully request that the Court: (i) consolidate all related actions; (ii) appoint the Tolwin Group as lead plaintiff in the Actions; and (iii) approve Movants' selection of Co-Lead Counsel as set forth herein.

Dated: March 28, 2005                                          Respectfully submitted,

                                                                                     **GILMAN AND PASTOR, LLP**

                                                                                     /s/ Douglas M. Brooks
                                                                                     Douglas M. Brooks (BBO# 058850)
                                                                                     David Pastor (BBO# 391000)
                                                                                     Stonehill Corporate Center
                                                                                     999 Broadway, Suite 500
                                                                                     Boston, MA 01906
                                                                                     Tel:    (781) 231-7850

                                                                                     **Proposed Liaison Counsel**
                                                                                     **For Plaintiffs and the Class**

**STULL, STULL & BRODY**
Jules Brody
Aaron Brody
6 East 45th Street
New York, New York 10017
Tel:    (212) 687-7230

**WEISS & LURIE**
Jordan Lurie
10940 Wilshire Blvd. 23rd Floor
Los Angeles, California 90024
Tel: (310) 208-2800

**Proposed Co-Lead Counsel For Plaintiffs and The Class**