UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| H.D. YORSTON, on Behalf of Himself and All Others Similarly Situated,<br><br>      Plaintiff,<br><br>    v.<br><br>EPIX PHARMACEUTICALS, INC., MICHAEL D. WEBB, PEYTON J. MARSHALL and ANDREW UPRICHARD,<br><br>      Defendants. | No. 1:05-cv-10166-PBS |
| ROBERT GREENE, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>    v.<br><br>EPIX PHARMACEUTICALS, INC., formerly known as EPIX Medical, Inc., MICHAEL D. WEBB, PEYTON J. MARSHALL and ANDREW UPRICHARD,<br><br>      Defendants. | No. 1:05-cv-10194-WGY |

*[Captions Continue on Following Page]*

**STIPULATION AND [PROPOSED] ORDER RE: NOTICE OF SCHEDULING CONFERENCE AND ESTABLISHING A DEADLINE FOR THE FILING OF A CONSOLIDATED COMPLAINT,
DEFENDANTS' RESPONSES AND SETTING A BRIEFING SCHEDULE**

| | |
|---|---|
| JOHN C. JOHNSON JR., JOHN C. JOHNSON JR. TARGET BENEFIT PENSION, JEFFREY S. JOHNSON and JOHN C. JOHNSON JR. DEFINED BENEFIT PENSION PLAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EPIX PHARMACEUTICALS, INC., formerly known as EPIX Medical, Inc., MICHAEL D. WEBB, PEYTON J. MARSHALL and ANDREW UPRICHARD,<br><br>                Defendants. | No. 1:05-cv-10272-GAO |
| DORAVILLE MANAGEMENT II CORP. by Donald Ramirez, President on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EPIX PHARMACEUTICALS, INC., MICHAEL D. WEBB, PEYTON J. MARSHALL and ANDREW UPRICHARD,<br><br>                Defendants. | No. 1:05-cv-10288-PBS |

*[Captions Continue on Following Page]*

| | |
|---|---|
| STANLEY A. KIM, On Behalf of Himself and Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EPIX PHARMACEUTICALS, INC., MICHAEL D. WEBB, PEYTON J. MARSHALL and ANDREW UPRICHARD,<br><br>                Defendants. | No. 1:05-cv-10315-PBS |

| | |
|---|---|
| YALE TOLWIN, on Behalf of Himself and All Persons Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EPIX PHARMACEUTICALS, INC., MICHAEL D. WEBB, PEYTON J. MARSHALL and ANDREW UPRICHARD,<br><br>Defendants. | No. 1:05-cv-10388-PBS |
| SANDRA V. BIESTERFELDT, On Behalf of Herself and Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EPIX PHARMACEUTICALS, INC., MICHAEL D. WEBB, PEYTON J. MARSHALL and ANDREW UPRICHARD,<br><br>Defendants. | No. 1:05-cv-10559-PBS |

The below-signed parties ("the parties"), representing the Disciplined Growth Investors Group, Oklahoma Firefighters Pension and Retirement System, and the Tolwin Group (collectively "the Lead Plaintiff Movants") and all named Defendants, make the following stipulation in connection with the following facts:

1. On January 27, 2005, H. D. Yorston commenced case number 1:05-cv-10166, styled *Yorston v. EPIX Pharmaceuticals, Inc., et al.*, the first-filed of the above captioned actions. In accordance with the Private Securities Litigation Reform Act of 1995 ("PSLRA"), counsel for Yorston published a notice of pendency that same day. Subsequently, the above cases were filed in this district containing substantially similar allegations to the *Yorston* action.

2. In response to Yorston's notice of pendency, several competing motions for consolidation of these actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and for appointment as lead plaintiff pursuant to section 21D(a)(3)(B) of the PSLRA (15 U.S.C. § 78u-4(a)(3)(B)) were timely filed on March 25, 2005. Presently pending before the Court are three such motions, those filed by each of the respective Lead Plaintiff Movants.[1] Each of these motions is fully briefed and ripe for decision.

3. By order dated March 31, 2005 (the "Order"), the Court set an initial scheduling conference for May 18, 2005 and directed the parties to confer in advance of said conference about several matters, including, a plan for discovery and a pretrial schedule. Order at n.1 (quoting Local Rule 16.1 (2)-(3)).

4. Section 21D(b)(3)(B) of the PSLRA limits the scope of initial discovery in class actions, such as the above-actions, asserting claims of securities fraud. It provides in pertinent part:

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B); In re Worldcom, Inc. Sec. Litig., 234 F.Supp.2d 301, 306 (S.D.N.Y.2002).

5. Following resolution of the consolidation/lead plaintiff motions referenced in paragraph 2, above, the court-appointed lead plaintiff intends to file a consolidated complaint and Defendants anticipate filing a motion to dismiss (triggering 21D(b)(3)(B) of the PSLRA), as set forth below.

6. In view of section 21D(b)(3)(B) of the PSLRA and Defendants' anticipated motion to dismiss, the parties believe that the preparation of a pretrial schedule and discovery plan is

---

[1] While the Alaska Electrical Pension Fund had initially sought appointment as lead plaintiff, it withdrew its motion on April 11, 2005. See Notice of Withdrawal of Motion to Appoint Alaska Electrical Pension Fund as Lead Plaintiff, to Approve Lead Plaintiff's Selection of Counsel and to Consolidate Related Cases.

1

premature at this juncture, and therefore respectfully request that the Court defer the initial scheduling conference until after resolution of the consolidation/lead plaintiff motions and Defendants' anticipated motion to dismiss.

7. Even if the Court is not inclined to defer the initial scheduling conference until after the resolution of these motions, counsel for Defendants has indicated that they have a trial scheduled to commence in a different state on May 17, 2005 and therefore request that the scheduling conference be re-scheduled to a mutually convenient date sometime after June 1, 2005.

**NOW THEREFORE**, the parties stipulate and agree, subject to the approval of the Court, as follows:

1. No later than forty-five (45) days after the resolution of the motions to consolidate and for appointment of lead plaintiff (referenced in paragraph 2 above), the court appointed lead plaintiff shall file and serve a consolidated complaint.

2. Defendants shall answer or otherwise respond to the consolidated complaint no later than forty-five (45) days following its filing and service

3. Should Defendants (or any of them) move to dismiss the consolidated complaint, the court appointed lead plaintiff shall file any response thereto no later than forty-five (45) days following the filing and such a motion. Thereafter, Defendants shall have thirty (30) days within which to file a reply (if any) to the lead plaintiff's response.

4. The initial scheduling conference set for May 18, 2005 is vacated and shall be rescheduled following the resolution of Defendants' motion to dismiss.

Respectfully submitted,

Dated: April 27, 2005

**MOULTON & GANS, P.C.**

/s/ Nancy Freeman Gans
Nancy Freeman Gans, BBO #184540
33 Broad Street, Suite 1100
Boston, Massachusetts 02109
Telephone:   (617) 369-7979
Facsimile:    (671) 369-7980

*Proposed Liaison Counsel for the Disciplined Growth Investor Group and the Class*

Dated: April 26, 2005                               **GILMAN AND PASTOR LLP**

 /s/ David Pastor
David Pastor, BBO #391000
Stonehill Corporate Center 999 Broadway, Suite 500
Saugus, Massachusetts 01906
Telephone: (781) 231-7850
Facsimile: (781) 231-7840

*Proposed Liaison Counsel for the Oklahoma Firefighters Retirement System, the Tolwin Group and the Class*

Dated: April 26, 2005                               **MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**

/s/ John F. Sylvia
John F. Sylvia, BBO #555581
Adam L. Sisitsky, BBO #637532
One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000
Facsimile: (617) 542-2241

*Counsel for Defendants*

Dated: _____                             IT IS SO ORDERED.

 

_____
The Honorable Patti B. Saris
United States District Judge

3

## CERTIFICATE OF SERVICE

    I, Nancy Freeman Gans, hereby certify that a true copy of the above document was served upon the attorney of record for each party on April 27, 2005.

/s/ Nancy Freeman Gans
Nancy Freeman Gans